UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRABHJOT SINGH,<br>A- 243-103-366<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, et. al.,<br><br>Respondents. | No. 1:26-cv-01358-DC-ICD-HC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a motion for a temporary restraining order. ECF Nos. 2, 3. On February 18, 2026, the District Judge granted the motion for a temporary restraining order and issued a preliminary injunction ordering that:

> (1) Petitioner shall be released immediately from the Respondents' custody;
> (2) Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and
> (3) If the Government seeks to re-detain Petitioner, it must provide no less than 7 days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable Final Order of Removal and Petitioner receives notice of that Final Order of Removal.

ECF No. 10.

The matter was then referred to a magistrate judge for further proceedings. On May 19, 2026, a magistrate judge recommended dismissing all Respondents except Tonya Andrews, Administrator of the Golden State Annex Detention Facility, and provided Respondents 60 days to file an answer or a motion to dismiss the habeas petition (ECF No. 14). To date, nothing has been filed.

The undersigned finds, for the reasons addressed in the District Judge's order, ECF No. 10, and under Ninth Circuit authority, that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026) (holding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). The undersigned finds that Petitioner's detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned recommends that the petition be granted.

Based on the foregoing, the undersigned RECOMMENDS that:

1. The petition for a writ of habeas corpus (ECF No. 1) be GRANTED; and

2. The terms of the preliminary injunction (ECF No. 10) be made permanent.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **7 days** after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 29, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE